IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>RICK EBERHARDT, JANE DOE #1, JANE DOE #2, JOHN DOE #1, JANE/JOHN DOE #1, JANE/JOHN DOE #2, JANE/JOHN DOE #3, JANE/JOHN DOE #4, JOHN DOE #2, JASON DWINELL, JESSE FRANK, CLAYTON BRATCHER, JANE/JOHN DOE #5, and JANE/JOHN DOE #6,<br><br>        Defendants. | 8:23CV156<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kevin G. Smith has been given leave to proceed in forma pauperis. Filing 8. The Court now conducts an initial review of Plaintiff's Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. This matter is also before the Court on Plaintiff's Motion for Court Appointment, Filing No. 3, and Motion for Status, Filing No. 9.

**I. SUMMARY OF THE COMPLAINT**

Plaintiff brings this suit under 42 U.S.C. § 1983 for deliberate indifference, cruel and unusual punishment, and various other constitutional violations. Plaintiff also asserts negligence claims against several Defendants. On July 15, 2020, Plaintiff[1] had a dispute with his ex-wife. Filing No. 1 at 3. The next day Defendants Jessie Frank and Clayton Bratcher, both Wayne County Sheriff Deputies, questioned Plaintiff at his home. *Id.* Plaintiff asserts Defendants Bratcher and Frank then arrested Plaintiff for weapons

---

[1] Plaintiff apparently refers to himself as "Defendant" when making this assertion. However, the context suggests Plaintiff was referring to himself.

violations. *Id.* Defendants Bratcher and Frank collected Plaintiff's medication from his dining room table. *Id.* The medication bottles, from the Veterans Administration, marked what the medications were and how they should be administered. Filing No. 1 at 3-4.

Plaintiff was booked in to the Pierce County Jail by Defendant Frank. Filing No. 1 at 4. Frank gave all of Plaintiff's medication to Defendant Jane Doe No. 1. *Id.* Plaintiff then alleges that Defendants Jane/John Doe No. 5 unreasonably set bail because Plaintiff never failed to appear and that had reasonable bail been set, Plaintiff could have bailed out and received appropriate medical attention. *Id.* Plaintiff alleges he was put in the Pierce County "drunk cell" and had no dinner, blanket, or mattress in a cold room. *Id.* He also alleges Jane/John Doe No. 1 failed to provide the evening dose of Plaintiff's blood pressure medication. *Id.* The following morning, Jane/John Doe No. 3 also failed to provide the morning dose of Plaintiff's medication. *Id.* Plaintiff was left in the drunk cell for 12 hours. Filing No. 1 at 4-5.

The following evening, Plaintiff developed severe chest pain and numbness on the left side of his body. Filing No. 1 at 5. Doctors informed Plaintiff this was a sign of a heart attack or stroke. *Id.* Plaintiff caused a commotion to get the jailers' attention. *Id.* After waiting for another guard to be present so she could open the cell, Jane Doe No. 2 determined that Plaintiff's blood pressure was 200 over 120. *Id.* Defendant called the Wayne County Sherriff's Department to transport Plaintiff to a hospital because Pierce County could not. *Id.*

Plaintiff alleges John/Jane Doe No. 6—the Wayne County dispatcher—told Pierce County that Plaintiff's blood pressure was normal and refused to transport Plaintiff to the hospital. *Id.* Plaintiff continued to complain, and Jane Doe No. 2 again took Plaintiff's

blood pressure and determined it was 197 over 125.  Id.  Jane Doe No. 2 stated that Plaintiff's blood pressure was going down.  Id.

Plaintiff became delirious and unstable.  Id.  On July 20, 2020, Jane Doe No. 1 told Plaintiff that Plaintiff's V.A. Caseworker—Defendant Jane/John Doe No. 4—reported that Plaintiff's blood pressure medication was no good.  Filing No.1 at 5-6.  Plaintiff asserts that he does not have a V.A. Caseworker.  Filing No. 1 at 6.  Plaintiff also alleges he had no way to contact the V.A. to inform them of a breach of security.  Id.  Plaintiff then filed a grievance with the Pierce County Sheriff about his medical condition, and several day later, Plaintiff was taken to Veara Medical Center.  Id.  Plaintiff was diagnosed "NON."  Id.

Plaintiff requested that the Wayne County Court lower his bond, but Plaintiff's request was denied.  Id.  Plaintiff's case was bound over to Wayne County District Court on August 8, 2020.  Id.  Plaintiff does not challenge the bond set by the Wayne County District Court.  Id.  However, the court required that Plaintiff live with his elderly parents and inform the Wayne County Sheriff when Plaintiff left the residence.  Id.  Plaintiff asserts this was cruel and unusual punishment and excessive bond.  Id.

After Plaintiff made bond, he went to the V.A. Medical Clinic in Norfolk, Nebraska.  Id.  V.A. doctors performed an M.R.I. that revealed Plaintiff had recently suffered a stroke.  Id.  Plaintiff alleges that had the stroke been treated within 72 hours, he would not have suffered permanent damage.  Filing No.1 at 6-7.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and

1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**A. Official Capacity Claims**

Plaintiff alleges that several of the Defendants are being sued in their official capacities. Though Plaintiff does not specify the municipality[2] that several of the Defendants work for, it appears most Defendants are either employees of Wayne County or Pierce County. Claims against Defendants in their official capacities are, in effect, claims against the officers' employing municipality. In *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), the Eighth Circuit explained:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer.

(Internal citations omitted)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a

---

[2] Plaintiff also makes allegations against his V.A. Caseworker, Jane/John Doe #4. However, Plaintiff makes no allegation of wrongdoing. He alleges that Jane/John Doe #4 had told a prison guard that Plaintiff's blood pressure medication was no good, Filing No. 1 at 5-6, but then also alleges that he had no V.A. Caseworker, Filing No. 1 at 6. These allegations are insufficient to give notice of a claim against a V.A. Caseworker. If Plaintiff does have such a claim, he may clarify it in an amended complaint.

5

constitutional tort." *Id.* at 691. To prevail on a claim alleged against either county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's allegations fail to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of a government entity caused a violation of his constitutional rights. Even construed liberally, Plaintiff's allegations relate to a singular incident. However, the Court shall grant Plaintiff leave to file an amended complaint to make such factual allegations if such allegations can be truthfully and plausibly alleged.

6

**B. Individual Capacity Claims**

Plaintiff's claims against Defendants in their individual capacities are also subject to dismissal. First, Plaintiff's claims against Defendants Eberhart and Dwinnell fail to allege any personal involvement in Plaintiff's constitutional injuries. To successfully state a claim under § 1983, Plaintiff must allege each individual defendant's personal involvement in the alleged violation. *Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690, 700 (8th Cir. 2020). To show personal involvement, Plaintiff must allege the Defendants were not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," but that he "also dr[e]w the inference." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Davis v. Oregon Cty.*, 607 F.3d 543, 548-49 (8th Cir. 2010)); *see also Kulkay v. Roy*, 847 F.3d 637, 644 (8th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("To show deliberate indifference via circumstantial evidence, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'").

Plaintiff alleges Eberhart and Dwinnell were in complete control of training and supervision of Pierce and Wayne County employees, respectively. However, Plaintiff makes no allegation from which the Court can infer that Eberhart and Dwinnell "[r]eceived notice of a pattern of unconstitutional acts committed by subordinates" and "[d]emonstrated deliberate indifference to or tacit authorization of the offensive acts[.]" *Parris v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). Accordingly, Plaintiff's allegations do not state a claim for relief for failure to protect and Plaintiff's claims against Eberhart and Dwinnell will be dismissed.

Plaintiff's allegations against the other named and unnamed Defendants also fail to state a claim. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint fails to give fair notice of potential claims against the remaining Defendants. For example, Plaintiff states that Defendants Frank and Bratcher arrested Plaintiff for being a felon in possession of a firearm. However, the Complaint is unclear as to whether Plaintiff claims the arrest was illegal under the Fourth Amendment or that Defendants somehow violated Second Amendment rights. The facts alleged do not give notice of the claim.

Plaintiff's claims against the remaining Defendants—all of whom are unnamed—lack sufficient factual allegations to support any constitutional claim. For example, Plaintiff alleges John/Jane Doe #3 set excessive bond because Plaintiff had never failed

to appear and thus was "guilty until proven innocent." Filing No. 1 at 4. However, Plaintiff does not identify what role John/Jane Doe #3 played in setting Plaintiff's bond.

Additionally, the Complaint fails to allege sufficient facts to support a claim for deliberate indifference or cruel and unusual punishment. "[D]eliberate indifference is a difficult standard to meet." *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) (quoting *Spencer v. Knapheide Truck Equip., Co.*, 183 F.3d 902, 906 (8th Cir. 1999)). To meet the standard, a plaintiff must show an official "consciously disregard[ed] a known and 'objectively serious medical need." *Id.* (quoting *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996). Plaintiff does not allege that the unnamed Defendants knew that Plaintiff's conditions created an excessive risk to his health, or that they consciously disregarded a serious medical condition.

Finally, the Court notes that Plaintiff names only four Defendants, while the other Defendants are identified as "John/Jane Doe" # 1-6. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). As noted above, the Complaint fails to make allegations specific enough to identify some of the unnamed Defendants. In filing an

amended complaint, Plaintiff shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons. Plaintiff shall also allege the municipal entity that employs Defendants.

### III. PLAINTIFF'S OTHER MOTIONS

Through this Memorandum and Order, Plaintiff's Motion for Status will be granted. Plaintiff also requests that the Court appoint counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint. If an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the Court dismissing this case without prejudice, and without further notice to Plaintiff. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

2. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. In filing an amended complaint, Plaintiff shall identify the municipal entity that employs Defendants, shall specify in what capacity the Defendants are sued, and shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, and how the Defendants' actions harmed him.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff a form Complaint for Violation of Civil Rights (Prisoner).

6. The Clerk of the Court is directed to set the following pro se case management deadline: **October 23, 2024—**amended complaint due.

7. Plaintiff's Motion for Court Appointment, Filing No. 3, is denied without prejudice to reassertion.

8. Plaintiff's Motion for Status, Filing No. 9, is granted.

Dated this 23rd day of September, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge