IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>                    Plaintiff,<br><br>     vs.<br><br>RICK EBERHARDT, Individual and Official capacity; JASON DWINELL, Individual and Official capacity; JESSE FRANK, Individual and Official capacity; CLAYTON BRATCHER, Individual and Official capacity; WAYNE COUNTY SHERIFF OFFICE, and PIERCE COUNTY SHERIFF OFFICE/JAIL,<br><br>                    Defendants. | **8:23CV156**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Kevin G. Smith's Second Amended Complaint, Filing No. 33, filed in response to the Court's Memorandum and Order (the "Second Review Order"), Filing No. 31. Also before the Court is Plaintiff's Reasserted Motion for Counsel, Filing No. 34. The Court now conducts an initial review of Plaintiff's Second Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. The Court concludes that Plaintiff's Second Amended Complaint fails to address the deficiencies identified in the Court's Second Review Order. Because Plaintiff has failed to state a claim after multiple opportunities to amend, this action will be dismissed.

## I. REVIEW OF SECOND AMENDED COMPLAINT

Plaintiff is an inmate currently confined at the Nebraska Department of Correctional Services ("NDCS") Nebraska State Penitentiary. Filing No. 35. He brings this action for damages under 42 U.S.C. § 1983 against Rick Eberhardt, Pierce County Sheriff; Jason

Dwinell, Wayne County Sheriff; Jesse Frank, Wayne County Deputy Sheriff; and Clayton Bratcher, Wayne County Deputy Sheriff (collectively, the "Individual Defendants"). Filing No. 33 at 2-3. Each of the Individual Defendants is again sued in both his individual and official capacity. *Id*. at 2. Plaintiff again names the Wayne County Sheriff Office and the Pierce County Sheriff Office/Jail as defendants. *Id*. at 3.

On July 15, 2020, Plaintiff had a dispute with his companion and ex-wife, and criminal charges were filed against him. Filing No. 33 at 12. The following day, on July 16, 2020, Defendants Frank and Bratcher, both Wayne County Sheriff Deputies, questioned Plaintiff. *Id*. At the time of his arrest, Plaintiff was "under serious care of medical ailments necessitating prescribed medication intake on [a] daily basis," including medication for blood pressure. *Id*. at 9, 12.

Plaintiff alleges that Defendants Frank and Bratcher arrested him "in hurried and rough fashion, excessively placing him under arrest violently." Filing No. 33 at 7. Before taking Plaintiff to jail, Defendants Frank and Bratcher retrieved Plaintiff's medication from his dining room table. *Id*. at 12. Plaintiff alleges that Defendant Dwinell "was contact [sic] throughout the arrest and custodial placement of plaintiff, and is understood and known to be the shot-caller in the act or direction of how to handle plaintiff's medication," and that Dwinell "advised said acts." *Id*. at 5. Plaintiff further alleges that Defendant Eberhardt was "the sole initiator in the arrest, interrogation, and custody of plaintiff," and made "the shocking decision that the charge of firearm/weapon possession be lodged against plaintiff, and that the rejection or suppression of plaintiff's prescribed medication ensue, for quite sometime [sic], and until such medication could be confirmed by a physician." *Id*. at 6.

Defendants Frank and Bratcher booked Plaintiff into the Pierce County Jail and gave all of Plaintiff's medication to jail personnel there. Filing No. 33 at 12. Plaintiff was placed into a cold room in the Pierce County Jail that Plaintiff describes as the "drunk cell." *Id.* at 7, 12. Plaintiff was not provided dinner, a blanket, or a mattress, and was left in the cell for more than twelve hours. *Id.* at 8, 10, 12. On the day of Plaintiff's arrest, Bratcher "ignored" Plaintiff's request to take his evening dose of blood pressure medication. *Id.* at 8. The following morning, jail personnel also failed to provide Plaintiff's morning dose of medication. *Id.* at 10. Because of his arrest, Plaintiff missed a medical appointment that had been scheduled for July 16, 2020. *Id.*

On the evening of July 17, 2020, Plaintiff developed severe chest pains and numbness on the left side of his body. Filing No. 33 at 12. These symptoms caused Plaintiff to become "unstable, delirious, sick," with rising blood pressure, and ultimately led to a stroke and unidentified "permanent ailments." *Id.* at 10.

Plaintiff brings this suit for deliberate indifference to his medical needs, "wanton and atypical infliction," "malfeasance misconduct under color of state law," cruel and unusual punishment in violation of the Eighth Amendment, and denial of fundamental due process of law in violation of the Fifth and Fourteenth Amendments as it relates to "Equal Protection, life, limb, and liberty." Filing No. 33 at 3. Plaintiff seeks damages of $1,000,000 for pain and suffering caused by the deliberate indifference to his medical needs and deviation from the standard of care required by the American Jail Association. *Id.* at 12. Though he does not state an amount, Plaintiff also seeks punitive damages, damages for emotional distress, and "any and all other monetary and injunctive relief this Court deem just, fair, and equitable." *Id.*

3

## II.  STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However,

4

even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

The Second Amended Complaint, Filing No. 33, fails to cure the numerous deficiencies identified in the Court's Second Review Order, Filing No. 31.  The Second Amended Complaint is largely a verbatim copy of Plaintiff's First Amended Complaint, Filing No. 22.  Though Plaintiff has updated some of the phrasing, those updates have not meaningfully responded to the Court's Second Review Order and, for the reasons stated, the core deficiencies remain unresolved.

### A.  Claims Against Sheriff's Offices and County Jail

Plaintiff again asserts claims against the Wayne County Sheriff Office, the Pierce County Sheriff Office, and the Pierce County Jail, "if necessary to list." Filing No. 33 at 3. As stated in the Second Review Order, Filing No. 31 at 7-8, each of these Defendants must be dismissed from this action without prejudice because they are not distinct legal entities subject to suit. *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such").  Accordingly, any claims against the Wayne County Sheriff Office, Pierce County Sheriff Office, and Pierce County Jail are dismissed.

**B. Claims Against Individual Defendants in Their Official Capacities**

In the Second Amended Complaint, Plaintiff again sues each of the named Individual Defendants in their official capacities. As stated in the Court's Memorandum and Order addressing Plaintiff's original Complaint, Filing No. 16 at 5-6 (the "Initial Review Order"), and the Second Review Order, Filing No. 31 at 8-9, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Further, as the Court has repeatedly explained, a public employer may only be liable under section 1983 if a "policy" or "custom" of the public employer caused a violation of the Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Both the Initial Review Order, Filing No. 16 at 6, and the Second Review Order, Filing No. 31 at 8-9, recited the elements Plaintiff must plead to state a claim against Defendants in their official capacities.

Plaintiff does not respond to the Court's directives from either the Initial Review Order or the Second Review Order. The Second Amended Complaint offers no new allegations suggesting that any Defendant's actions were taken pursuant to an established county policy or custom, or that any policymaker was deliberately indifferent to a pattern of unconstitutional conduct. Rather, the allegations still describe a singular incident that occurred within a period of only a few days. Accordingly, Plaintiff's official capacity claims must be dismissed.

**C.  Potential Constitutional Claims Against Individual Defendants**

Plaintiff again sues for deliberate indifference to his medical needs, "wanton and atypical infliction," "malfeasance misconduct under color of state law," cruel and unusual punishment in violation of the Eighth Amendment, and denial of fundamental due process of law in violation of the Fifth and Fourteenth Amendments as it relates to "Equal Protection, life, limb, and liberty." Filing No. 33 at 3.   Even construed broadly, several of these claims are not separate, cognizable claims.   As with the First Amended Complaint, Plaintiff's principal claim is for deliberate indifference to Plaintiff's serious medical needs.  Construed liberally, he also alleges that the conditions of his confinement were improper punishment, and he again asserts a violation of the Equal Protection Clause.  The allegations of the Second Amended Complaint do not cure the deficiencies identified in the Court's Second Review Order.

**1.  Deliberate Indifference to Plaintiff's Medical Needs**

As noted in the Court's previous Orders, Filing No. 16 at 9 and Filing No. 31 at 10, to establish an Eighth Amendment claim for deprivation of medical care,[1] an inmate must allege that the prison official was deliberately indifferent to the inmate's serious medical needs. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).  Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997).  "This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the

---

[1] Although not stated, the context of Plaintiff's allegations suggest he was booked into the Pierce County Jail as a pretrial detainee.  However, for purposes of initial review, the Court analyzes the claims under the Eighth Amendment standard.

7

need yet deliberately disregarded it." *Schaub*, 638 F.3d at 914. (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted).

Plaintiff was directed to provide, at a minimum, several additional factual allegations. First, the Court directed Plaintiff to plead facts showing that each defendant knew of a serious medical need and deliberately disregarded it, Filing No. 16 at 9, Filing No. 31 at 10. Plaintiff has not responded to this direction. The Second Amended Complaint repeats essentially the same narrative as the First Amended Complaint. For example, Dwinell is still described only in conclusory terms as a "shot-caller" who "knew or should have known" that Frank and Bratcher committed constitutional wrongs. Filing No. 33 at 5. Plaintiff does not state any new facts establishing Dwinell's actual knowledge of Plaintiff's medical condition or his deliberate decision to withhold treatment. Similarly, Eberhardt is still described as directing the "rejection or suppression of plaintiff's prescribed medication" until it could be confirmed by a physician. Filing No. 33 at 6. However, these allegations do not suggest, for example, that Eberhardt had already confirmed Plaintiff's condition. In sum, the Court specifically flagged that the original and First Amended Complaint failed to "allege facts to establish that any of the Defendants knew of Plaintiff's condition and deliberately withheld medication and treatment." Filing No. 31 at 12; *see also* Filing No. 16 at 9. The Second Amended Complaint does not cure this deficiency.

8

The Court also directed Plaintiff to clarify the causal link between withholding medication and the stroke and Plaintiff's other injuries. Filing No. 31 at 11-12. However, this causal chain remains asserted as a conclusion, rather than described with facts. Plaintiff alleges only in general terms that Defendants' conduct "caused Plaintiff to become unstable, delirious, sick, blood pressure rising and in jeopardy, thereby leading up to the diagnosis: suffered a stroke." Filing No. 33 at 10. Plaintiff did not attempt to describe how the effect of the delay caused his injuries. Plaintiff continues to provide allegations only for July 15, 2020, and July 16, 2020. However, Plaintiff vaguely alleges that Defendants refused to provide treatment for days and potentially weeks after Plaintiff was taken into custody. Without clarity on the alleged cause of Plaintiff's injury, the Second Amended Complaint again fails to sufficiently provide notice of the claim. Accordingly, for the reasons stated in the Initial Review Order and the Second Review Order, Plaintiff has failed to state a claim for deliberate indifference.

### 2. Conditions of Confinement

Plaintiff again asserts that his placement and conditions in the Pierce County Jail were unconstitutional. As noted in the Second Review Order, Filing No. 31 at 14, to determine whether a pretrial detainee's conditions of confinement constitute "punishment," a plaintiff may show that such conditions are "intentionally punitive" or, in the absence of an "expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (citing *Bell*, 441 U.S. at 536-39). The Due Process Clause is "not

9

implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986).

In the Second Review Order, the Court cited a substantial body of Eighth Circuit case law suggesting that Plaintiff's allegations likely failed to state a constitutional claim. *See* Filing No. 31 at 14-15. The Court specifically directed Plaintiff to allege facts, to the extent they could be credibly alleged, that showed an intent to punish or that his conditions were not related to a legitimate government purpose. The Second Amended Complaint does not follow this direction. Plaintiff repeats the same factual allegations about the "drunk cell," including the cold temperature, and missing a meal and a blanket. Filing No. 33 at 7. He states that Frank and Bratcher "allowed Pierce County jailer(s) and its personnel staff to obtrusively place, upon inception, in a 'drunk cell,' whereas plaintiff was not given no dinner meal, blanket, or mattress—in a cold-freezing cell." Filing No. 33 at 7. Plaintiff alleges that the erroneous placement in the drunk cell for twelve hours or more "took its toll on plaintiff, especially without the aforementioned essentials." Filing No. 33 at 10. However, Plaintiff provides no additional facts from which the Court could infer punitive intent or the absence of legitimate purpose. Because Plaintiff again fails to state facts showing a punitive purpose, and for the reasons stated in the Second Review Order, his conditions of confinement claim must be dismissed.

### 3. Equal Protection

Plaintiff again references the Equal Protection Clause, Filing No. 33 at 3, 9. In the Second Review Order, the Court directed that, to state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. Filing No. 31 at 16 (citing *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir.

10

1998)).  The Court concluded that in the First Amended Complaint, Plaintiff failed to allege facts showing he was treated differently from other prisoners similarly situated to him.  As before, the Second Amended Complaint provides no facts identifying any comparator or differential treatment.  Because Plaintiff again fails to provide any facts to support an Equal Protection claim, this claim must be dismissed.

### 4.  Individual Capacity Claims Against Rick Eberhardt and Jason Dwinnell

In both Plaintiff's original Complaint and the First Amended Complaint, Plaintiff failed to state individual capacity claims against Defendants Eberhardt and Dwinnell because Plaintiff failed to allege their personal involvement in Plaintiff's constitutional injuries.  *See* Filing No. 16 at 7; Filing No. 31 at 16-17.  The Court has repeatedly directed that Plaintiff is required to allege each individual defendant's personal involvement in the alleged constitutional violation.  *See* Filing No. 16 at 7; Filing No. 31 at 17-18; *see also Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690, 700 (8th Cir. 2020).  Taken together, the Court repeatedly directed Plaintiff to provide concrete factual allegations establishing that each Defendant personally participated in the constitutional violation, drew the inference of serious risk, and acted, or failed to act, in response.

Plaintiff has again failed to plead facts responsive to the Court's directive.  The language of the Second Amended Complaint is functionally identical to the First Amended Complaint.  Dwinell is still described as a "shot-caller" who "condoned, attested, and supported" the arresting officers' "unconstitutional and remiss acts."  Filing No. 33 at 5.  Eberhardt is still described as directing the deputies in "long-arm fashion" while being "in constant contact with arresting officers."  Filing No. 33 at 6.  The Second Amended Complaint again concludes that Eberhardt and Dwinell "acted in-concert, in-cahoots, and

11

collectively in the aforementioned constitutional torts, malfeasance and misconduct under color of state law." Filing No. 33 at 6. However, as with the First Amended Complaint, Plaintiff fails to supply any underlying factual predicates. The Court expressly concluded that these allegations were "primarily conclusions of law" providing "little factual background." Filing No. 31 at 17. The Second Amended Complaint adds no new facts to ground Eberhardt and Dwinnell's personal involvement. Accordingly, for the reasons stated in the Initial Review Order, Filing No. 16 at 7, and Second Review Order, Filing No. 31 at 16-17, Plaintiff has not stated a claim against either Defendant.

### 5. Claims Not Mentioned in First Amended Complaint

In the Second Review Order, the Court warned that if Plaintiff wanted to preserve claims against unnamed Pierce County jail employees, he needed to make allegations specific enough to permit identification after discovery. Filing No. 31 at 19. The Court specifically cautioned Plaintiff that "a second amended complaint will supersede all prior pleadings, and any claims not alleged in the second amended complaint will be considered abandoned." *Id*. The Second Amended Complaint again omits any named or specifically described Doe defendants. However, Plaintiff's narrative continues to reference Pierce County jail personnel in general terms. For example, Plaintiff alleges that Frank and Bratcher gave Plaintiff's medication "to a different jailer/personnel at Pierce County jail," Filing No. 33 at 12, and that Pierce County staff "ignore[d] and bypass[ed] intentionally not giving plaintiff a dinner meal or water or nourishment." Filing No. 33 at 10. These broad references are not accompanied by any allegations specific enough to permit identification of the individuals after discovery. Accordingly, any claims against unnamed Pierce County jail employees must be dismissed.

12

### 6. Additional Allegations in the Second Amended Complaint

Plaintiff's only new allegation references another of his cases filed in this Court, Case No. 8:25CV389, and states that the complaint in that case is "why I am unable to comply any further to this Court's Memorandum and Order." Filing No. 33 at 17.  Plaintiff does not explain how his Complaint in Case No. 8:25CV389 prevents him from complying with the Court's Memorandum and Order.  However, among his allegations in that case, Plaintiff claimed that NDCS officials denied him access to the law library.  *Smith v. Jeffreys*, No. 8:25CV389, 2026 WL 114335, at *1 (D. Neb. Jan. 15, 2026).  The Court rejected this argument because Plaintiff alleged his "only injury amounted to emotional distress."  *Id*., at *3.  Moreover, during the pendency of that case, Plaintiff was able to make several filings in this case and another case pending before the Court.  *See id*. Plaintiff has not shown that this Court's ruling in Case No. 8:25CV389 prevented him from complying with the Second Review Order.

## IV.  RENEWED MOTION TO APPOINT COUNSEL

Plaintiff again seeks appointment of counsel.  As stated in the Initial Review Order and Second Review Order, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4

13

(8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996));

*Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Plaintiff again asserts that

counsel is necessary because of the complexities of this case and the merits of Plaintiff's

claims. Filing No. 34 at 1. However, Plaintiff's pleading is coherent and shows he has a

basic understanding of applicable law and procedure. As a prisoner, Plaintiff

understandably faces challenges representing himself, but "most indigent prisoners will

face similar challenges." *See Recca*, 859 Fed. App'x at 5 (citing *Patterson v. Kelley*, 902

F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request

for the appointment of counsel will again be denied.

## V. CONCLUSION

Plaintiff's Second Amended Complaint fails to state a plausible claim under 28

U.S.C. § 1915(e)(2). The Court will dismiss the Complaint without prejudice because the

Court finds that further amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762

F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such

amendments would be futile, such as claims that are frivolous or could not withstand a

12(b)(6) motion to dismiss). While the Court is mindful of the liberal pleading standard

afforded to pro se litigants, the right to amend a complaint is not absolute or without limits.

*See Sherman v. Winco Fireworks Inc.*, 532 F.3d 709 (8th Cir. 2008).

> A district court can refuse to grant leave to amend a pleading only where it
> will result in undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, [or] futility of the amendment.

*Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (internal citations

omitted) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). The decision on whether to

14

allow a party to amend its complaint is left to the "sound discretion of the district court."

*Popoalii v. Correctional Medical Services*, 512 F.3d 488 at 497 (8th Cir. 2008).

The Court has twice given Plaintiff leave to amend and each time, the Court has provided specific direction on what was needed to cure pleading deficiencies.  Despite the Court's direction, Plaintiff has not been able to provide any additional factual allegations to support his claims.  Because Plaintiff has repeatedly failed to cure deficiencies, the Court will dismiss this action without prejudice.

IT IS THEREFORE ORDERED:

1.      This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      The Court will enter a separate judgment.

3.      Plaintiff's reasserted Motion for Counsel, Filing No. 34, is denied.

Dated this 19th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

15